## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MEREDITH O'NEIL, JESSICA SVEDINE, DEANNA CORBY, NICK ROCCO, JENNA ROCCO, and ROBERTO SILVA,

Plaintiffs,

v.

CANTON POLICE DEPARTMENT, the TOWN OF CANTON, MASSACHUSETTS, HELENA RAFFERTY, as Chief of the Canton Police Department and in her personal capacity, and OFFICER ROBERT ZEPF, OFFICER MICHAEL CHIN, OFFICER ANTHONY PASCARELLI, and SERGEANT JOSEPH SILVASY, in their official and individual capacities,

Defendants.

Civil Action No. _____

**VERIFIED 42 U.S.C. § 1983 COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF, AND DAMAGES**

**JURY TRIAL DEMANDED**

This is a Civil Action brought by Plaintiffs Meredith O'Neil, Jessica Svedine, Deanna Corby, Nick Rocco, Jenna Rocco, and Roberto Silva, against Defendants Canton Police Department, the Town of Canton, and Helena Rafferty, as Chief of the Canton Police Department, and certain Canton police officers, Officer Robert Zepf, Michael Chin, Anthony Pascarelli, and Sgt. Joseph Silvasy. Plaintiffs bring claims under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. In support of these claims, and in greater detail, Plaintiffs allege as follows:

### INTRODUCTION

Karen Read is accused of killing John O'Keefe, a police officer. A significant number of people believe that Read is innocent; instead, they believe she is being framed for the murder by

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

Massachusetts State Trooper Michael Proctor and his accomplices, including Brian Albert (also a police officer) and Colin Albert (Brian Albert's nephew).

Chris Albert, a member of the Canton Board of Selectmen and the owner of a D&E Pizza in Canton, Massachusetts, is a focal point of this controversy. He is Colin Albert's father, a close friend of Michael Proctor, and has a checkered past — including a jail sentence in 1994 for killing a man in a hit and run accident. Many believe that Chris Albert intends to offer false testimony to support the story that Karen Read murdered O'Keefe, and that he is doing so to shield his brother and his son from justice.

To protest against perceived perjury and a resulting injustice, Plaintiffs and other members of the public gathered on Sunday, November 5, 2023, across the street from Chris Albert's business, D&E Pizza. They held signs that had inoffensive slogans like "Free Karen Reed" and "Justice." Defendants Officers Robert Zepf, Michael Chin, and Anthony Pascarelli, and Sgt. Joseph Silvasy, members of the Canton Police Department, presumably at the behest of Chief Helena Rafferty, drove by the protest several times, attempting to intimidate the protesters into leaving. When this intimidation tactic proved unsuccessful, they then stopped and informed the protesters that they were not permitted to protest there, because if the protest could be seen by Chris Albert, they would deem it to be "witness intimidation" and Plaintiffs would be arrested. They were handed a copy of Mass. Gen. Laws, ch. 268, § 13A.

This is not an idle threat. Prosecutors in Norfolk County have already arrested and charged Aidan Kearney, a well-known journalist, for reporting about perjury and official misconduct related to the murder investigation and charges. Kearney was charged with "witness intimidation" under the related statute, Mass. Gen. Laws. ch. 268, § 13B, and one of the terms of his pretrial release is that he is not permitted to engage in First Amendment protected activity pertaining to

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

the story.    Thus, the police threat of arrest, coupled with Kearney's prosecution, has placed Plaintiffs in a heightened state of reasonable concern that they will be arrested and charged with witness intimidation for actions that any reasonable officer should understand are protected by the First Amendment.

Plaintiffs had intended to return regularly to continue to protest across the street and near to D&E Pizza, without any plan to impede access to the business.  They have a large, organized protest planned for Sunday, November 12, and periodically thereafter.  However, they have a reasonable fear that the Canton Police, acting at the behest of prosecutors in the Karen Read case, will violate their First Amendment rights and arrest them.  They need this Court to act to protect their rights, else they will have no choice but to cancel the protests for fear of unlawful arrest.

<u>**THE PARTIES**</u>

1.      Plaintiffs Meredith O'Neil, Jessica Svedine, Deanna Corby, Nick Rocco, Jenna Rocco, and Roberto Silva are Massachusetts residents who believe that Karen Read is being framed.  They have protested peacefully and wish to continue to do so.

2.      Defendant Canton Police Department ("CPD") is a police department established pursuant to Mass. Gen. Laws, ch. 41, § 97, is located in Canton, Massachusetts, and is a political subdivision of the Town of Canton, Massachusetts.

3.      Defendant Town of Canton ("Canton") is a Massachusetts municipality that established and exercised control over Defendant CPD.

4.      Defendant Helena Rafferty is the Chief of the CPD and is sued in her personal and official capacities.

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

5.      Defendants Officers Robert Zepf, Michael Chin, and Anthony Pascarelli, and Sargaent Joseph Silvasy are members of the CPD who threatened Plaintiffs with arrest for witness intimidation and are sued in their personal and official capacities.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action arising under 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution.

7.      This Court has personal jurisdiction over all defendants as they are all citizens of the Commonwealth of Massachusetts, and the defendants committed the acts complained of within the said Commonwealth.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) as all defendants reside in this District and/or all events giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

### The Framing of Karen Read and the Aftermath

9.      Except where otherwise indicated, the background facts as set forth in this section are drawn from the September 27, 2023, article in Boston Magazine by Gretchen Voss, entitled "The Karen Read Case in Canton:  The Killing that Tore a Town Apart",[1] attached hereto as **Exhibit A**.  They are recited for context purposes only and Plaintiffs are not attesting to the accuracy thereof.

10.     John O'Keefe was a member of the Boston Police Department who, at the time of his death, lived in Canton, Massachusetts.

11.     Karen Read was romantically involved with O'Keefe prior to his death.

---

[1] https://www.bostonmagazine.com/news/2023/09/27/canton-karen-read/

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

12.     On Friday, January 28, 2022, O'Keefe and Read were at the Waterfall Bar & Grille, in Canton, Massachusetts, and had drinks there with Chris Albert (a Town of Canton Selectman), Brian Albert (a Boston police officer and Chris Albert's brother), and Jennifer McCabe (Brian Albert's sister-in-law).

13.     When the bar was closing, Brian Albert invited O'Keefe, Read, and his relations back to his house, and O'Keefe and Read drove to Brian Albert's house.

14.     The following morning, on January 29, 2022, Read, McCabe, and O'Keefe's friend, Kerry Roberts, found O'Keefe in the snow outside Brian Albert's house.

15.     O'Keefe was pronounced dead by physicians at Good Samaritan Medical Center in Brockton, Massachusetts, later that morning.

16.     Read was, thereafter, charged with manslaughter, having allegedly hit O'Keefe with her automobile.

17.     Subsequent to her arrest, Read's lawyer was given a tip that Brian Albert and his nephew, Colin Albert (who had an acrimonious relationship with O'Keefe), had beaten up O'Keefe that night, to the point of unconsciousness, and that Brian Albert and Brian Higgins (a special agent with the federal Bureau of Alcohol, Tobacco, Firearms and Explosives), who had been at Brian Albert's house, dumped O'Keefe's body on Brian Albert's lawn.

18.     Read thereafter learned that State Trooper Michael Proctor, a Canton resident and lead detective into the investigation of O'Keefe's death, was apparently a friend to the Albert family—Colin Albert, for example, had been the ring bearer at Proctor's sister's wedding.

19.     As a result, Read believed that, to protect the Alberts, Proctor framed Read for O'Keefe's death.

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

20.     However, Proctor, on June 9, 2022, arrested Read again, following a grand jury indictment against Read for second-degree murder.[2]

21.     On April 12, 2023, Read's defense team filed a 92-page affidavit in her case outlining their theory of how Read had been framed.

22.     On April 18, 2023, Aidan Kearney, published his first article about the alleged framing of Read.[3]

23.     Kearney's reporting brought public support to Read, and public demonstrations in support of her followed.

24.     There is widespread public interest in the prosecution of Read—*Dateline* has been filing Read for a show and Netflix and others have approached Kearney relative to a documentary.

25.     At an August 8, 2023, meeting of the Canton Select Board, residents voiced their concerns about Selectman Chris Albert and the Canton Police Department *vis a vis* the O'Keefe death.

26.     During that  Meeting, Defendant Rafferty referred to an event:

"that made residents of our community feel disrespected, targeted, and intimidated, an event that I believe, under statute 268 13A could most possibly be deemed a criminal act. Additionally, we have an elected library trustee who, as of noon today, was still listed as a co-administrator on a social site that is allowing residents of our community to also be disrespected and dehumanized within innuendos, outright falsehoods, half-truths, and bullying comments, comments, I might add, that if it were made in a school environment, would and should have every resident in this town in an uproar.  Yesterday, I received an email from a concerned citizen related to the, and I quote, 'horrendous, threatening posts' on this site, asking me to address the issue, as she is worried about how it might-may incite people to act moving forward.  Let me make one thing as crystal clear as possible to-as I continue with my comments to the residents:  I embrace the fact that we live in a country where people can have different viewpoints.  I respect everyone's right to voice those viewpoints under the First Amendment.  I can appreciate that some people have

---

[2] The prosecution is pending in the Norfolk County Superior Court, styled *Commonwealth v. Karen Read,* Docket No. 2282CR0117.
[3] https://tbdailynews.com/corrupt-state-trooper-helps-boston-cop-coverup-murder-of-fellow-officer-frame-innocent-girlfriend/

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

questions on the O'Keefe case, based on the limited information they have seen thus far.   However, what I cannot accept is witnesses, let me repeat that, witnesses—these are residents who have not been charged with any crimes—being bullied in their homes, at their children's games, or on vacation, all under the guise of the First Amendment.  This is a really slippery slope that, if allowed to continue, will cause a rapid decline in the amount of people who would ever step forward to be a witness in a case and, quite possibly, the slow erosion of the criminal justice system."[4]

27.      On October 11, 2023, Kearney was charged with six counts of intimidation under Mass. Gen. Laws, ch. 268, § 13B, and one count of conspiracy to do so.  *See Commonwealth v. Aiden Kearney*, Docket Nos. 2355CR001150, 2355CR001151, 2355CR001152, 2355CR001154, 2355CR001155, 2355CR001156, and 2355CR001157, in the Stoughton District Court.

### Plaintiffs' Lawful Protests and the Threats of Unlawful Arrest

28.      As set forth above, Plaintiffs Meredith O'Neil, Jessica Svedine, Deanna Corby, Nick Rocco, Jenna Rocco, and Roberto Silva believe that Karen Read is being framed – and they are far from alone in this belief.

29.      To protest against what appears to be perjury to them, Plaintiffs and other members of the public gathered on Sunday, November 5, 2023, across the street from Chris Albert's business, D&E Pizza.

30.      At that protest, Plaintiffs held signs that had inoffensive slogans like "Free Karen Reed" and "Justice."

31.      Defendants Officers Robert Zepf, Michael Chin, and Anthony Pascarelli, and Sgt. Joseph Silvasy, members of the Canton Police Department, drove by the protest several times, attempting to intimidate the protesters into leaving.

---

[4] https://cantonmaselectboard.podbean.com/e/select-board-of-august-9-2023/, beginning at approximately 18:00.

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

32.    At all relevant times herein, Officers Robert Zepf, Michael Chin, and Anthony Pascarelli, and Sgt. Joseph Silvasy acted in furtherance of the August 8, 2023, policy announced by Defendant Rafferty, that the Canton Police Department "cannot accept" those engaged in First Amendment-protected activities *vis a vis* witnesses in the Read prosecution.

33.    At all relevant times herein, Officers Robert Zepf, Michael Chin, and Anthony Pascarelli, and Sgt. Joseph Silvasy were acting under the supervision and at the direction of Defendant Rafferty.

34.    When Defendants' intimidation tactic proved unsuccessful, Officers Robert Zepf, Michael Chin, and Anthony Pascarelli, and Sgt. Joseph Silvasy stopped and informed the protesters that they were not permitted to protest there, because if the protest could be seen by Chris Albert, they would deem it to be "witness intimidation" and Plaintiffs would be arrested.

35.    The officers specifically handed Plaintiffs a copy of Mass. Gen. Laws, ch. 268, § 13A, they statute under which they threatened Plaintiffs.

36.    As set forth in a communication from Defendant Canton Police Department, in response to a request under the Massachusetts Public Records Law, Defendants have an open investigation into Plaintiffs' November 5, 2023, protest, meaning they still face potential unlawful arrest and prosecution. *See* **Exhibit B** (Email from Deputy Chief Patricia Sherrill to Jenna Rocco, Nov. 7, 2023).

37.    The threat of arrest by Defendants for further protest is credible—Aiden Kearney has already been arrested and charged under the related witness intimidation statute, Mass. Gen. Laws, ch. 268, § 13B.

38.    Defendants' threat of arrest placed Plaintiffs in fear for their safety and liberty.

39.    As a result of Defendants' threat of arrest, Plaintiffs' speech is chilled.

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

40.     As a result of Defendants' threat of arrest, Plaintiffs have determined to not move forward with a November 12, 2023, planned protest in support of Read and other similar such protests.

## CAUSE OF ACTION

### *Count I*

**Violation of the First Amendment to the United States Constitution: Retaliation**

**(42 U.S.C. 1983 – First Amendment)**

41.     Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

42.     Defendants' conduct of threatening Plaintiffs with arrest on account of their November 5, 2023, constitutionally protected speech is unconstitutional and violates their First Amendment rights to freedom of speech and expression, and freedom of petition.

43.     Defendants' conduct of enforcing Mass. Gen. Laws, ch. 268, §§ 13A and/or 13B, is unconstitutional and violates their First Amendment rights to freedom of speech and expression, and freedom of petition.

44.     Defendants retaliated against Plaintiffs for exercising their First Amendment right to freedom of speech and expression, and freedom of petition.

45.     It is clearly established that there is a First Amendment right to petition the government and its officials, such as Selectman Chris Albert.

46.     Defendants' restriction on Plaintiffs' speech is content-based and viewpoint discriminatory and is in violation of the Free Speech Clause of the First Amendment and the Right to Petition the Government of the First Amendment.

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

47.     For example, had Plaintiffs' signs said "Thank you, Chris Albert, for ensuring Karen Read is jailed for life", rather than encouraging him to, in their opinion, testify truthfully, Plaintiffs would not have been threatened with arrest.

48.     The deprivation of First Amendment rights, even for a moment, is an irreparable injury.

49.     The violation of Plaintiffs' First Amendment rights has caused them damage, including mental and emotional injury.

50.     Plaintiffs have been injured, or reasonably fear imminent injury, by these constitutional violations, and Plaintiffs are entitled to relief, including, but not limited to, compensatory damages and injunctive and declaratory relief.

### *Count II*

**Violation of the First Amendment to the United States Constitution
Declaratory Judgment & Injunctive Relief**

**(42 U.S.C. 1983 – First Amendment)**

51.     Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

52.     Massachusetts General Laws, chapter 268, section 13A (hereinafter "Section 13A") states, in relevant part:

> Whoever, with the intent of interfering with, obstructing, or impeding the administration of justice, or with the intent of influencing any … witness…, in the discharge of his duty, pickets or parades … in or near a building or residence occupied or used by such …witness, … shall be punished by a fine of not more than five thousand dollars or by imprisonment for not more than one year, or both.

53.     Section 13A is facially unconstitutional.  It is a content-based regulation of protected speech in a public forum that cannot withstand strict scrutiny.  While the Supreme Court has upheld a similar statute relating to picketing or parading near courthouses, it has not approved

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

of such a statute *vis a vis* any building at all in which a witness may be found.  *Contrast Cox v. Louisiana*, 379 U.S. 559 (1965).  It is overinclusive—in a case like the Tsarnaev prosecution, it would ban speech throughout an entire city.  And, it is underinclusive, as it does not regulate other forms of speech directed at witnesses.

54.    Section 13A is unconstitutionally vague.  Plaintiffs cannot ascertain how "near" is too near.  Plaintiffs cannot ascertain whether it prohibits their speech if the intended recipient is only in the building for a fleeting moment, or even if the recipient must actually be in the building at the time of the speech.

55.    Section 13A is unconstitutional as applied.   Defendants have been purposely targeting people, like Plaintiffs, who speak in favor of Karen Read, and there is nothing that suggests they would threaten anyone siding with the prosecution.

56.    Massachusetts General Laws, chapter 268, section 13B(b) (hereinafter "Section 13B") states, in relevant part:

> Whoever willfully, either directly or indirectly: …(iii) misleads, intimidates or harasses another person who is a: (A) witness or potential witness … with the intent to or with reckless disregard for the fact that it may; (1) impede, obstruct, delay, prevent or otherwise interfere with: … a trial or other criminal proceeding of any type … shall be punished by imprisonment in the state prison for not more than 10 years or by imprisonment in the house of correction for not more than 21/2 years or by a fine of not less than $1,000 or more than $5,000 or by both such fine and imprisonment. If the proceeding in which the misconduct is directed at is the investigation or prosecution of a crime punishable by life imprisonment or the parole of a person convicted of a crime punishable by life imprisonment, such person shall be punished by imprisonment in the state prison for not more than 20 years or by imprisonment in the house of corrections for not more than 21/2 years or by a fine of not more than $10,000 or by both such fine and imprisonment.

57.    Section 13B is facially unconstitutional.   The overbroad terms "misleads, intimidates or harasses" can mean anything the police or a prosecutor may disapprove of.  It can and has been used pretextually and inconsistently.

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

58.     In *Commonwealth v. Welch*, 44 Mass. 80 (2005), the Massachusetts criminal harassment. Mass. Gen. Laws, ch. 265, § 43A, statute was determined to be constitutional only because it was narrowly construed to only encompass constitutionally-unprotected speech. Similarly, in *O'Brien v. Borowski*, 461 Mass. 451 (2012), the civil harassment statute, Mass. Gen. Laws, ch. 258E, was construed to only apply to unprotected speech of fighting words and true threats.  In contrast, the Massachusetts Supreme Judicial Court has not narrowed Section 13B solely to unprotected speech.

59.     Section 13B is otherwise unconstitutionally void for vagueness as it is unclear what speech would be deemed misleading, intimidating, and/or harassing.  It may outlaw a priest encouraging a penitent to confess his sins to the police.  It may outlaw a political candidate accusing her opponent of wrongdoing.  It may outlaw a parent talking to their child regarding a false accusation made by that child as part of a custody battle.

60.     Section 13B was unconstitutionally applied to Plaintiffs as they are singled out because of the viewpoint and content of their speech.  Had they protested against Karen Read, which is consistent with Chris Albert's expected testimony, rather than in her favor, they would have no fear of arrest or prosecution under Section 13B.

61.     Therefore, Plaintiffs are entitled to a declaration that Section 13B is unconstitutional and they are entitled to an injunction on Section 13B's enforcement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court:

A.     For a declaration that the threat of arrest issued by Defendants is unconstitutional under the First and Fourteenth Amendments of the United States Constitution;

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

B.     For a declaration that Defendants' actions in enforcing Section 13A and Section 13B is unconstitutional under the First and Fourteenth Amendments of the United States Constitution;

C.     For a preliminary and permanent injunction enjoining each Defendant from interfering with Plaintiff's right to lawfully engage in constitutionally protected expression and activity;

D.     For a declaration that Section 13A and Section 13B are unconstitutional;

E.     For a declaration that Section 13A and Section 13B was unconstitutionally applied to Plaintiffs;

F.     For a preliminary and permanent injunction enjoining the enforcement of Section 13A and Section 13B;

G.     To award Plaintiffs damages for the violation of their constitutional rights;

H.     To award Plaintiffs their reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and any other applicable law; and

I.     To award such other relief as this Honorable Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by the Defendant.

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

Dated: November 7, 2023.          Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

*Attorneys for Plaintiffs.*

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

## **VERIFICATION OF COMPLAINT**

I, Meredith O'Neil, am the Plaintiff in the above-captioned matter.  I have reviewed the foregoing allegations in this Verified Complaint, and I hereby declare under the penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 11/7/2023

By: _Meredith O'Neil_
Meredith O'Neil

RANDAZZA | LEGAL GROUP

## <u>VERIFICATION OF COMPLAINT</u>

I, Jessica Svedine, am the Plaintiff in the above-captioned matter.  I have reviewed the

foregoing allegations in this Verified Complaint, and I hereby declare under the penalty of perjury

that the foregoing allegations are true and correct to the best of my knowledge and understanding.


Dated: 11 / 07 / 2023                                By:_____
_____                                           Jessica Svedine

RANDAZZA | LEGAL GROUP

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

## <u>VERIFICATION OF COMPLAINT</u>

I, Deanna Corby, am the Plaintiff in the above-captioned matter.  I have reviewed the

foregoing allegations in this Verified Complaint, and I hereby declare under the penalty of perjury

that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 11 / 07 / 2023 _____

By: _____
       Deanna Corby

RANDAZZA | LEGAL GROUP

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

## <u>VERIFICATION OF COMPLAINT</u>

I, Nick Rocco, am the Plaintiff in the above-captioned matter. I have reviewed the

foregoing allegations in this Verified Complaint, and I hereby declare under the penalty of perjury

that the foregoing allegations are true and correct to the best of my knowledge and understanding.


Dated: 11 / 07 / 2023
_____

By: _____
        Nick Rocco

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

## <u>VERIFICATION OF COMPLAINT</u>

I, Jenna Rocco, am the Plaintiff in the above-captioned matter.  I have reviewed the

foregoing allegations in this Verified Complaint, and I hereby declare under the penalty of perjury

that the foregoing allegations are true and correct to the best of my knowledge and understanding.


Dated: 11 / 07 / 2023                                  By: _____
         _____                              Jenna Rocco

RANDAZZA | LEGAL GROUP

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1

## <u>VERIFICATION OF COMPLAINT</u>

I, Roberto Silva, am the Plaintiff in the above-captioned matter.  I have reviewed the foregoing allegations in this Verified Complaint, and I hereby declare under the penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 11 / 07 / 2023
_____

By: _____
Roberto Silva

Doc ID: a0dc3d2c39171f07771b1b66f23b8b8661ecfcd1