UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:23-CV-12685-DJC

MEREDITH O'NEIL, JESSICA
SVEDINE, DEANNA CORBY, NICK
ROCCO, AND ROBERTO
SILVA,
        Plaintiffs.

v.

CANTON POLICE DEPARTMENT, THE
TOWN OF CANTON, MASSACHUSETTS,
HELENA RAFFERTY, as Chief of the Canton
Police Department and in her personal capacity,
and OFFICER ROBERT ZEPF, OFFICER MICHAEL
CHIN, OFFICER ANTHONY PASCARELLI, and
SERGEANT JOSEPH SILVASY, in their official
Capacities,
        Defendants.

## JOINT SCHEDULING STATEMENT

Pursuant to the Court's Notice of Scheduling Conference and Rule 16.1(d) of the Local Rules of the United States District Court for the District of Massachusetts, counsel for the Plaintiffs and counsel for the Defendants have conferred and submit the following Joint Scheduling Statement:[1]

**Concise Summary of the Position of the Parties Regarding Liability and Relief Sought**

**Plaintiffs:**

This is a Civil Action brought by Plaintiffs Meredith O'Neil, Jessica Svedine, Deanna Corby, Nick Rocco, Jenna Rocco, and Roberto Silva, against Defendants Canton Police Department, the Town of Canton, and Helena Rafferty, as Chief of the Canton Police Department,

---

[1] Certifications per L.R. 16.1(d)(3) are separately filed by the parties.

1

and certain Canton police officers, Officer Robert Zepf, Michael Chin, Anthony Pascarelli, and Sgt. Joseph Silvasy. Plaintiffs bring claims under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. To protest against perceived perjury and a resulting injustice, Plaintiffs and other members of the public gathered on Sunday, November 5, 2023, across the street from Chris Albert's business, D&E Pizza. They held signs that had inoffensive slogans like "Free Karen Reed" and "Justice." Defendants Officers Robert Zepf, Michael Chin, and Anthony Pascarelli, and Sgt. Joseph Silvasy, members of the Canton Police Department, presumably at the behest of Chief Helena Rafferty, drove by the protest several times, attempting to intimidate the protesters into leaving. When this intimidation tactic proved unsuccessful, they then stopped and informed the protesters that they were not permitted to protest there, because if the protest could be seen by Chris Albert, they would deem it to be "witness intimidation" and Plaintiffs would be arrested. They were handed a copy of Mass. Gen. Laws, ch. 268, § 13A.

This was not an idle threat; Plaintiffs have since been charged with purported violations of G.L. c. 268, §§ 13A & 13B. In Count I, they bring a claim for retaliation under 42 U.S.C. § 1983 against Defendants for retaliating against their exercise of the First Amendment right to freedom of speech and expression, and freedom of petition on account of the threat of arrest and, as will be the subject of an amendment, for having been charged as well. As such, in Count II, they bring claim for declaratory relief that Sections 13A & 13B are facially unconstitutional, unconstitutionally vague, and unconstitutional as applied, and for injunctive relief against future enforcement. Plaintiffs also seek compensatory damages, punitive damages as allowable by law, and their reasonable attorneys' fees, costs, and expenses.

**Defendants:**

The Defendants deny the allegations and assertions made by the Plaintiffs and maintain no tortious or unconstitutional conduct occurred . Defendants further state that any action undertaken by the Defendants or police personnel was in good faith and in furtherance of and pursuant to their duties as police officers enforcing the laws of the Commonwealth of Massachusetts and was supported by probable cause and or reasonable suspicion.

The individual Defendants further maintain that they are protected from liability by Qualified Immunity and that the Municipal Defendant cannot be held liable as a matter of law upon the facts and claims asserted by the Plaintiffs.

**Proposed Joint Discovery Plan and Motion Schedule**

1. Initial Disclosures. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by January 3, 2024.

2. Amendments to Pleadings. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after May 25, 2024.

3. Fact Discovery

   a. Written discovery (requests for production of documents, interrogatories and request for admissions) shall be served no later than August 25, 2024.

   b. All depositions, other than expert depositions, and all other discovery, other than expert discovery, must be completed by October 25, 2024.

4. Status Conference. The Court will schedule a status conference shortly after the close of fact discovery to discuss case management issues such as the need for expert discovery and dispositive motions.

6. Expert Discovery.

   a. Plaintiff(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by May 30, 2024.

   b. Plaintiff(s) trial experts must be deposed by June 30, 2024.

c. Defendant(s) trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by July 30, 2024.

d. Defendant(s)' trial experts must be deposed by August 30, 2024.

7. Dispositive Motions.

a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by November 25, 2024.

b. Oppositions to dispositive motions must be filed within twenty-one (21) days after service of the motion.

c. Reply memoranda are permitted, provided that such reply memorandum does not exceed ten pages, is double-spaced, and is filed within twenty-one days (21) days after service of the opposition papers.

Respectfully Submitted,

FOR THE PLAINTIFFS
Meredith O'Neil, Jessica
Svedine, Deanna Corby, Nick
Rocco, and Roberto
Silva,

/s/ Jay M. Wolman
Marc J. Randazza, BBO# 651477
mjr@randazza.com ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

FOR THE DEFENDANTS,

Canton Police Department, The
Town of Canton, Massachusetts,
Helena Rafferty, As Chief of The Canton
Police Department and in Her Personal Capacity,
and Officer Robert Zepf, Officer Michael Chin,
Officer Anthony Pascarelli, and Sergeant Joseph
Silvasy, in Their Official Capacities,

4

By its attorney,

/s/ Douglas I. Louison
Douglas I. Louison, Esq., BBO# 545191
dlouison@lccplaw.com
Joseph A. Mongiardo, Esq., BBO #710670
jmongiardo@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109
(617) 439-0305

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) on January 2, 2024.

/s/ Jay M. Wolman
Jay M. Wolman