UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEREDITH O'NEIL, JESSICA SVEDINE, DEANNA CORBY, and ROBERTO SILVA,<br><br>Plaintiffs,<br><br>v.<br><br>CANTON POLICE DEPARTMENT, the TOWN OF CANTON, MASSACHUSETTS, HELENA RAFFERTY, as Chief of the Canton Police Department and in her personal capacity, and OFFICER ROBERT ZEPF, OFFICER MICHAEL CHIN, OFFICER ANTHONY PASCARELLI, and SERGEANT JOSEPH SILVASY, in their official and individual capacities,<br><br>Defendants. | Civil Action No. 1:23-cv-12685-DJC<br><br>**CONSENT MOTION TO STAY PENDING APPEAL** |

With the consent of Defendants, Plaintiffs Meredith O'Neil, Jessica Svedine, Deanna Corby, and Roberto Silva hereby move this Honorable Court, pursuant to Fed. R. Civ. P. 16 & 26(c) to stay proceedings,[1] including discovery, pending the outcome of the appeal in this matter and for other good cause. In support hereof, Plaintiffs state as follows:

1) As set forth in the Complaint (ECF No. 1), this matter arises from an incident involving Plaintiffs' demonstration in Canton, Massachusetts, regarding the prosecution of Karen Read, *Commonwealth v. Read*, Case No. 2282CR00117 (Norfolk Cty. Sup. Ct.);

2) On November 10, 2023, this Court denied Plaintiffs' motion for a temporary restraining order and for a preliminary injunction (ECF No. 13), which was appealed to the U.S. Court of Appeals for the First Circuit as Case No. 23-2062 (ECF Nos. 23-25);

3) That appeal remains pending, and the briefing is not yet concluded;

---

[1] A stay of discovery is akin to a protective order under Fed. R. Civ. P. 26(c)(1). *See Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 789 (1st Cir. 1988).

4) The parties have engaged in some preliminary discovery, with a deadline for all written discovery to be served by August 25, 2024; and

5) A discovery dispute has arisen between the parties.

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted). The filing of a notice of appeal generally precludes the district court from proceeding "with respect to any matter touching upon, or involved in, the appeal," unless an exception applies. *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998). One exception is when the divestiture rule would not serve the purpose of judicial economy. *See United States v. Rodriguez-Rosado*, 909 F.3d 472, 478 (1st Cir. 2018). District court proceedings may also continue if that procedure would not interfere with the appeal or if the appeal is frivolous. *See Brooks*, 145 F.3d at 456.

There is good cause and it is reasonable to stay the deadlines in this matter, including discovery deadlines, pending the resolution of the appeal. *See Pub. Cit., supra* (citing Fed. R. Civ. P. 26(c)(1)). The Court may also modify its scheduling order for good cause per Fed. R. Civ. P. 16(b)(4). Although discovery does not interfere with the appeal, adjudication of the pending dispositive motion could,[2] as it would render the appeal a nullity and force all the same issues to be brought in a second appeal.

Divestiture serves the purpose of judicial economy. Although Plaintiffs have claims for damages in addition to seeking injunctive relief, Plaintiffs' primary motivation for bringing this

---

[2] A motion for judgment on the pleadings (ECF No. 40) is also pending and is fully briefed. The Court has broad discretion, as well, to stay discovery pending resolution of a motion to dismiss. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). While Plaintiffs believe their claims have merit, they also recognize that a decision in Defendants' favor would also obviate the need for discovery.

- 3 -

suit has been to obtain injunctive relief. If the First Circuit affirms this Court's decision, such will likely dampen the incentive for the plaintiffs to continue pursuing their claims in this matter. It would obviate the need for the parties to engage in the more costly aspects of litigation, including the taking of depositions and resolving a pending discovery dispute that has arisen between the parties.

Counsel for the parties conferred and Defendants consent to a stay of discovery pending resolution of the appeal.

WHEREFORE Plaintiffs respectfully request this Honorable Court enter the stay requested herein.

Dated: June 18, 2024.

Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza